***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Hoag and Deputy Commissioner Phillips, and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Phillips, with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On July 27, 1999, the deceased-employee was employed by Republic Electric Company, who regularly employed more than three (3) employees.
3. Harleysville Insurance Company is the carrier on the risk for workers' compensation purposes.
4. The deceased-employee's average weekly wage as stipulated to in the pre-trial agreement is $769.23, which yields a compensation rate of $513.08 per week.
5. On July 27, 1999, the deceased-employee sustained an injury by accident arising out of and in the course of his employment with Republic Electric Company. On August 1, 1999, the deceased-employee died.
6. At the time of his death, the deceased-employee was survived by his widow, Deborah S. Jennings, who is the natural mother of their two minor children, Donald M. Jennings, Jr. and Ashley N. Jennings. There were no other wholly or partially dependent individuals in existence at the time of his death.
7. The names, dates of birth, and social security numbers of the minor children of Donald M. Jennings and Deborah S. Jennings are (1) Donald M. Jennings, Jr., born May 1, 1987, social security number 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; and, (2) Ashley N. Jennings, born April 21, 1992, social security number 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.
8. The issue to be determined by the Commission is whether deceased-employee's original compensable injury by accident was a significant contributing factor to his death.
9. The Pre-Trial Agreement along with its attachments and any stipulations that have been submitted by the parties are hereby incorporated by reference as though they were fully set out herein.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACTS
1. On the day of the injury by accident, the deceased-employee was working in a large commercial building in Mecklenburg County, North Carolina. He was working on a switch-gear cabinet that contained a 480 volt 277 amp energized electrical conductor The power to the switch-gear cabinet was supposed to have been turned off, but was not. The deceased-employee was unaware that the power was actually on when he began to work on the switch-gear cabinet. A flash arc occurred in the switch-gear cabinet and the electricity entered deceased-employee's body and blew him backwards.
2. After the accident, the deceased-employee was taken to the emergency room at Carolinas Medical Center. His chief complaint was that he was struck on his right arm and face by an electric flash arc.
3. The deceased-employee sustained an admittedly compensable injury by accident while in the course and scope of his employment with Republic Electric Company on July 27, 1999.
4. On August 1, 1999, the deceased-employee died. The autopsy report filed by Dr. Robert L. Thompson, North Carolina Department of Environment Health and Natural Resources, Division of Epidemiology, indicated on the Supplemental Report of Cause of Death that the deceased-employee's manner of death was by accident and injury at work. Dr. Thompson also indicated that the deceased-employee's "recent electrocution with burns" was a significant condition contributing to his death. Dr. Thompson indicated that the immediate cause was cardiac arrhythmia and that cardiomyopathy was also a condition leading to his death.
5. Counsel for the parties declined to depose Dr. Thompson for clarification about the cause of death. Instead, both attorneys found experts, Dr. Daniel B. Mark and Dr. Mark B. Shoag, to give an opinion as to what caused or significantly contributed to the deceased-employee's death. Both doctors gave conflicting opinions regarding the cause of death; however, the Full Commission, having reviewed all the medical records submitted by the parties, gives more weight to the opinion of Dr. Mark B. Shoag, as his opinion is more consistent with the medical records in evidence. Dr. Shoag testified at deposition that plaintiff's immediate cause of death from a cardiac arrhythmia was secondary to the electrical injury that plaintiff suffered, or more precisely that plaintiff's heart was damaged from the electrical injury and plaintiff developed an arrhythmia and subsequently suffered cardiac arrest.
6. Defendants argued that plaintiff's arrhythmia was unrelated to the electrical injury suffered by plaintiff and that plaintiff showed no abnormal cardiac activity at the time he was brought to the hospital following the incident. However, Dr. Shoag testified, and the Full Commission finds as fact, that it is common for people to develop cardiac problems, such as an arrhythmia, subsequent to an electrical injury, and that it can be several days after the injury before a cardiac problem occurs. Thus, Dr. Shoag's opinion provides a reasonable and credible explanation as to why plaintiff did not present with cardiac problems immediately after his electrical injury, yet died five days later. Given that plaintiff's autopsy showed a normal cardiac circulatory system, it is even more unlikely that in the absence of having an electrical injury that plaintiff would have had a cardiac arrhythmia without some other evidence of coronary artery blockage or disease. Thus, the Full Commission finds that plaintiff's electrical injury on July 27, 1999, produced a cardiac arrhythmia in plaintiff's heart at a later date which ultimately caused plaintiff to suffer cardiac arrest on August 1, 1999, a mere five days after sustaining an electrical injury.
7. The deceased-employee was survived by his wife, Deborah Jennings, and their two minor children, Donald M. Jennings, Jr., and Ashley N. Jennings. His wife and two minor children are conclusively presumed to have been dependent upon the deceased-employee at the time of his injury and death.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Because the deceased-employee died as a result of an injury by accident on July 27, 1999, arising out of and in the scope of his employment with Republic Electric Company, his wife and children are entitled to benefits under the Workers' Compensation Act. N.C. Gen. Stat. § 97-38.
2. Defendants must pay for all medical expenses incurred as a result of this compensable injury by accident, in accordance with the Industrial Commission medical fee schedule. N.C. Gen. Stat. § 97-25.
3. Deborah S. Jennings, Donald M. Jennings, Jr. and Ashley N. Jennings were dependent upon the deceased-employee at the time of his death and are, therefore, entitled to the death benefits, to share and share alike. Deceased-employee did not leave any other dependents. Therefore, Deborah S. Jennings, Donald M. Jennings, Jr. and Ashley N. Jennings are the only persons entitled to take the death benefits in this case. Deborah S. Jennings is the natural mother of the two minor children Donald M. Jennings, Jr., and Ashley N. Jennings. N.C. Gen. Stat. § 97-38.
4. The deceased-employee's average weekly wage at the time of the injury by accident was $769.23, yielding a compensation rate of $513.08 per week. N.C. Gen. Stat. § 97-2(5).
5. Deborah S. Jennings, Donald M. Jennings, Jr., and Ashley N. Jennings are entitled to $171.03 per week each for 400 weeks beginning August 1, 1999, or as to the minor children, until they reach age 18, whichever occurs last. N.C. Gen. Stat. § 97-38.
6. Deborah S. Jennings, as the natural mother and guardian of the minor children, is entitled to receive the minor children's share of compensation as provided in this award, for their use and benefit. SeeHorn et al. v. Travelers Insurance Co., Opinion and Award of the N.C. Industrial Commission, Full Commission, I.C. No. 521654 (1999).
 *********** ORDER APPOINTING GUARDIAN AD LITEM
For purposes of this matter, it is hereby ORDERED that Jerry D. Lambert, 100 Thayer Court, Mooresville, N.C. 28115, is hereby designated as the Guardian Ad Litem for the minor children, Donald M. Jennings, Jr., and Ashley N. Jennings. N.C. Gen. Stat. § 35A-1379; Rule 604, Workers' Compensation Rules of the N.C. Industrial Commission.
 *********** ORDER SETTING EXPERT WITNESS FEE
Upon motion of the plaintiffs, it is hereby ORDERED that defendants shall pay an expert witness fee in the amount of $250.00 to plaintiff's counsel for the reasonable fees and costs associated with the deposition of Dr. Mark Shoag. The other fees requested by plaintiffs are not contemplated by Rule 612 of the Workers' Compensation Rules of the North Carolina Industrial Commission, and shall be borne by plaintiffs as costs incurred in connection with the prosecution of this claim and, thus, not subject to reimbursement by defendants.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to Deborah S. Jennings compensation at the rate of $171.03 per week for four hundred (400) weeks beginning August 1, 1999, subject to attorney's fees hereinafter approved. All sums that have accrued shall be paid to Deborah S. Jennings in one lump sum.
2. Defendants shall pay to Deborah S. Jennings, as the natural mother and guardian of the two minor children, Donald M. Jennings, Jr. and Ashley N. Jennings, compensation for the use and benefit of her said two minor children at the rate of $171.03 per week for each minor child for four hundred (400) weeks beginning August 1, 1999, and continuing until they each reach age 18, whichever occurs last, subject to attorney's fees hereinafter approved. All sums that have accrued shall be paid to the minor children, through their mother, Deborah S. Jennings, in one lump sum.
3. Defendants shall pay burial expenses not to exceed $2,000.00 to the person or persons entitled thereto.
4. Defendants shall pay all medical expenses incurred by the deceased-employee as a result of this injury by accident, in accordance with the Industrial Commission medical fee schedule.
5. A reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation benefits, as awarded in paragraphs 1 and 2 above, is approved and awarded to plaintiffs' counsel. Defendants shall deduct twenty-five percent of the award due plaintiffs that has accrued and shall pay such amount directly to plaintiffs' counsel. In addition, defendants shall send every fourth check due plaintiffs directly to plaintiffs' counsel.
6. Defendants shall pay an expert witness fee in the amount of $250.00 to plaintiff's counsel for the reasonable fees and costs associated with the deposition of Dr. Mark Shoag.
7. Defendants shall pay the costs due the Commission.
This the 8th day of January, 2003.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER